FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:43 am, Sep 08, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUAN CARLOS MIRANDA-NODA,

    Petitioner,

v.

WARDEN TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:18-cv-74

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Miranda-Noda ("Miranda-Noda"), who was formerly incarcerated at the D. Ray James Correctional Institution in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Return on the Show Cause Order, and Miranda-Noda filed a Traverse. Docs. 14, 19. The Court ordered this matter be set for hearing and additional briefing, docs. 25, 26, 27, 28. Respondent then filed a Motion to Dismiss, stating Miranda-Noda's requested relief—expungement of the incident report at issue and restoration of his lost good conduct time—had been granted and, as a result, his Petition is moot. Doc. 29. For the reasons which follow, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DENY as moot** Miranda-Noda's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Miranda-Noda leave to appeal *in forma pauperis*.

### BACKGROUND

Miranda-Noda was convicted in the Middle District of Florida of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Doc. 14-1 at 8. He was sentenced to 97 months'

imprisonment and had a projected release date of January 13, 2021, via good conduct release.  Id. As a result of disciplinary hearing proceedings based on a Code 108 charge for possession, manufacture, introduction, or loss of a hazardous tool, Miranda-Noda was sanctioned with: the loss of 122 days' good conduct time (41 days' good conduct time and 81 days' non-vested good conduct time); 60 days' disciplinary segregation, suspended; and 6 months' loss of phone and commissary privileges.  Doc. 1 at 2; Doc. 4 at 3–4.

As noted, Miranda-Noda had a projected release date of January 13, 2021.  Doc. 14-1 at 8.  However, after the Bureau of Prisons ("BOP") granted his requested relief, Miranda-Noda's projected release date was August 19, 2020.  Doc. 29 at 2.  He had an actual release date of August 19, 2020.  https://www.bop.gov/inmateloc/, search for Number 62297-018, "Miranda-Noda, Juan Carlos" (last visited Sept. 8, 2020).

Miranda-Noda filed this § 2241 Petition to challenge disciplinary hearing proceedings. Doc. 1.  Respondent asserts Miranda-Noda has received his requested relief, and the Court should dismiss Miranda-Noda's Petition as moot.  Doc. 29 at 3.

## DISCUSSION

**I.     Whether Miranda-Noda's Petition is Moot**

In his Petition, Miranda-Noda asserts the person who wrote the disciplinary report, the investigating officer, and the discipline hearing officer were not BOP staff members; rather, these officers were employees of the GEO Group, Inc., a private corporation, and were not permitted to conduct disciplinary proceedings against him.  Doc. 1 at 6–7; Doc. 4 at 16. Miranda-Noda also asserts the probability he owned the phone he was charged with possessing was so low it fell below the "some evidence" requisite threshold.  Doc. 1 at 7; Doc. 4 at 24. Additionally, Miranda-Noda contends there was no investigation into the phone numbers that

2

were called from the phone or incoming calls to the phone to determine whether any numbers belonged to people on his call list and whether he owned the phone.  Doc. 1 at 8; Doc. 4 at 24, 25.  Miranda-Noda avers his right to due process was violated because he was not allowed to present surveillance video evidence, which he contends would have shown who placed the phone on the bunk.  Doc. 4 at 25.  As relief, Miranda-Noda seeks the reinstatement of his 122 days' lost good conduct time.  Doc. 1 at 8.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'"  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S.

3

395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Miranda-Noda requests expungement and reversal of all sanctions lodged against him and the restoration of his lost good conduct time. Doc. 1 at 8. However, Miranda-Noda was released from BOP custody during the pendency of this Petition, and Respondent has raised mootness as a ground for dismissal because Miranda-Noda was granted his requested relief. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DENY as moot** Miranda-Noda's Petition for Writ of Habeas Corpus and **GRANT as unopposed** Respondent's Motion to Dismiss.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Miranda-Noda leave to appeal *in forma pauperis*. Though Miranda-Noda has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Miranda-Noda's filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Miranda-Noda *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DENY as moot** Miranda-Noda's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Miranda-Noda leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of September, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA